IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| FOR THE USE OF | : | |
| | : | |
| SOUTHEASTERN STUD & | : | |
| COMPONENTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 7:07-cv-077 (HL) |
| | : | |
| AMERICAN EAGLE DESIGN BUILD | : | |
| STUDIOS, LLC, ARCH INSURANCE | : | |
| COMPANY, SRC CONSTRUCTION, | : | |
| INC., | : | |
| | : | |
| AND | : | |
| | : | |
| AMERICAN EAGLE COMMUNITIES, | : | |
| LLC, SALVATORE R. CARABETTA, | : | |
| CEI INVESTMENT CORP., MOODY | : | |
| FAMILY HOUSING LLC, and SHAW | : | |
| INFRASTRUCTURE, INC., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Currently pending in this case is Defendants Salvatore R. Carabetta's and CEI Investment Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 77). Having read and considered the parties' briefs and the applicable law, and for the reasons discussed below, the Court concludes that the motion is due to be granted.

**I.      INTRODUCTION**

Plaintiff, Southeastern Stud & Components, Inc. (SES) filed its Amended Complaint (doc. 74) against American Eagle Design Build Studios, LLC (AEDBS), Arch Insurance Company

(Arch), SRC Construction, Inc. (SRC), American Eagle Communities, LLC (American Eagle), Salvatore R. Carabetta (Carabetta), CEI Investment Corp. (CEI), Moody Family Housing LLC (Moody Family Housing), and Shaw Infrastructure, Inc. (Shaw Infrastructure) seeking, inter alia: (1) declaratory judgment on a contract between SES and AEBDS for labor and materials provided by SES for a project commonly known as the Moody Air Force base project (project) located in Valdosta, Georgia; (2) declaratory judgment on a bond issued by Arch related to the aforementioned contract; and (3) foreclosure of mechanic's lien. Plaintiff alleges, inter alia: (1) breach of contract; (2) violation of the Miller Act; (3) quantum meruit; (4) fraudulent inducement; (5) common business purpose and single business enterprise; and (6) grounds for piercing the corporate veil. All of SES's claims arise out of its contract with AEDBS and an outstanding balance alleged to be owed by AEDBS for labor and materials provided by SES in relation to the project. In response to the complaint, CEI and Carabetta, through the same counsel, filed a motion to dismiss for lack of personal jurisdiction. The following counts are directed specifically at Carabetta and CEI: (1) Count V: quantum meruit; (2) Count VI: fraudulent inducement; (3) Count X: common business purpose and single business enterprise; and (4) Count XI: alter ego and piercing the corporate veil.

CEI is a Delaware corporation maintaining its principal place of business in Connecticut and having a registered agent in Georgia. Carabetta is a resident of Connecticut and is affiliated with most of the defendant organizations, including without limitation, AEDBS, SRC, American Eagle, CEI, and Moody Family Housing in the capacity as either an officer, director, managing member, or some other official capacity.[1]

---

[1] Carabetta and Thomas Swain are the managing members of American Eagle; Carabetta and CEI are managing member of AEDBS; Carabetta is the president of both SRC and CEI; and Carabetta is a managing member of Moody Family Housing.

Moody Family Housing owns the property whereon the project is found. SRC is the project's contractor, and AEDBS is the project's sub-contractor. The contract in dispute was executed between AEDBS and SES. SES alleges that CEI and Carabetta fraudulently induced it to enter the contract with AEDBS, made continuing misrepresentations that SES would be paid, that Carabetta fraudulently changed SES's pay applications, and that AEDBS is an alter-ego of CEI and Carabetta.

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss for lack of personal jurisdiction plaintiff need only make a prima facie case demonstrating facts upon which personal jurisdiction is based. <u>Thermo-Cell Se., Inc., v. Technetic Indus., Inc.</u>, 605 F. Supp 1122, 1124 (N.D. Ga. 1985) (holding an allegation that officers of defendant corporation appeared in Georgia to observe plaintiff's plant and began contract negotiations there was sufficient to subject the corporate defendant to personal jurisdiction). Indeed, a motion to dismiss for lack of personal jurisdiction is to be denied if plaintiff alleges sufficient facts in the complaint, uncontroverted by opposing affidavits, to support a reasonable inference that the exercise of personal jurisdiction over the defendant is warranted. <u>See</u> <u>Bracewell v. Nicholson Air Svcs., Inc.</u>, 680 F.2d 103, 104 (11th Cir. 1982); <u>see also</u> <u>Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.</u>, 699 F. Supp. 907, 910 (N.D. Ga. 1988) (holding that the allegations of the complaint must be taken as true except when controverted by opposing affidavits). When the evidence presented by the parties conflicts, the court is required to construe all reasonable inferences in favor of the plaintiff. <u>Delong Equip. Co. v. Washington Mills Abrasive Co.</u>, 840 F.2d 843, 845 (11th Cir. 1988). However, in the event a defendant does controvert the jurisdictional allegations contained in the complaint, the plaintiff cannot rely upon mere conclusory statements alone to establish a prima

facie case; instead, plaintiff has the burden of going forward with sufficient factual evidence to establish a prima facie showing of the jurisdictional allegations. Scott's Furniture Warehouse Showroom, Inc., 699 F. Supp. at 910.

### III. DISCUSSION

In determining whether a non-resident defendant is amenable to a forum's jurisdiction the federal court is required to apply a two-part analysis. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the state's long-arm statute must provide a basis for asserting personal jurisdiction over the defendant. Id. Second, the defendant must have sufficient minimum contacts with the forum to satisfy the Due Process Clause of the Fourteenth Amendment so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Id.

#### A. Long-Arm Statute

The Georgia Long-Arm Statute extends its personal jurisdiction reach to non-resident defendants falling within the ambit of one of three situations. O.C.G.A. § 9-10-91. First, transacting any business within the state. O.C.G.A. § 9-10-91(1). However, this first test applies only to contract claims. Delong Equipment Co., 840 F.2d at 848. Second, committing a tort, with the exception of defamation, within the state. O.C.G.A. § 9-10-91(2). Third, committing a tort outside the state that causes a tortious injury within this state, if the tortfeasor either: regularly does or solicits business in the state; engages in any other persistent course of conduct in the state; or derives substantial revenue from goods used or consumed or services rendered in the state. O.C.G.A. § 9-10-91(3).

##### 1. Defendants' Arguments

### a. Neither CEI nor Carabetta transact any business within the state.

CEI contends it had no involvement in the project, does not maintain any office or employees in Georgia, does not transact or solicit business here, does not own any property, pay taxes, or maintain any bank accounts in Georgia, and is not a party to the contract between SES and AEDBS. Thus, CEI claims it has not transacted any business in Georgia.

Carabetta contends the Georgia Long-Arm statute does not extend to him in his individual capacity because his contacts with Georgia occurred only while he was acting in his capacity as an officer of SRC and as a managing member of Moody Family Housing. Carabetta further contends that he has not transacted, solicited, or engaged in any business activity in Georgia in his individual capacity. Moreover, Carabetta claims he was not a party to the contract between SES and AEBDS upon which Plaintiff bases its claims.

### b. Neither CEI nor Carabetta has committed any tortious acts or omissions within the state.

CEI contends Plaintiff's fraud allegation is based on a statement made by Tom Swain, an officer of Shaw Infrastructure, Inc., and can not be imputed to CEI because Swain was not an agent of CEI nor did he have authority to speak on CEI's behalf. Thus, CEI contends Plaintiff has not alleged with specificity a valid fraud claim against CEI. CEI further contends that even if Swain's statements could be attributed to CEI, those statements were made in Texas, not in Georgia, and therefore, can not subject CEI to personal jurisdiction in Georgia. In addition, CEI claims that allegations that Carabetta made fraudulent statements to Plaintiff can not be imputed to CEI.

Carabetta contends Plaintiff's allegations that Carabetta made fraudulent statements to

SES are not stated with any particularity or specificity, and further, there is no allegation stating whether these alleged statements were made in Georgia. Moreover, he claims that statements made by Swain can not be attributed to Carabetta, but even if they are imputed to Carabetta, Swain's comments were made in Texas, not in Georgia. Carabetta further contends his alleged document fraud is not egregious enough to subject him to personal jurisdiction in Georgia.

### c. Neither CEI nor Carabetta have caused any tortious injury in the state.

Even assuming, that Swain was authorized to speak on behalf of CEI or Carabetta, neither CEI nor Carabetta have any business contacts in Georgia, do not regularly do or solicit business in Georgia, do not engage in a persistent course of conduct in Georgia, or derive substantial revenue from goods used or consumed or services rendered in Georgia. Thus, Georgia's Long-Arm Statute does not reach CEI or Carabetta.

### 2. Plaintiff's Arguments

SES first bases jurisdiction under O.C.G.A. § 9-10-91(1), that the contract between SES and AEBDS for labor on the Moody Family Housing Project establishes that both CEI and Carabetta transact business within the forum. SES also argues that specific jurisdiction exists under O.C.G.A. § 9-10-91(2)-(3) over CEI and Carabetta based on misrepresentations by way of assurances of payment made to SES by Tom Swain on behalf of Carabetta (but no mention of CEI), which induced SES to continue working despite nonpayment. In addition, SES alleges that Carabetta personally modified SES's pay applications, thereby committing fraud. Therefore, SES argues that CEI is liable for the fraud of Carabetta as an agent of CEI and thus subject to personal jurisdiction. Further, SES contends that Carabetta is subject to personal jurisdiction

based on his fraud in the forum causing harm in the forum, from which he is not protected by the fiduciary shield doctrine because he went beyond the bounds of his corporate capacity in committing the fraud.

### 3. Analysis

Here, neither CEI nor Carabetta was a party to the contract in dispute; therefore, only sections two or three of Georgia's Long-Arm Statute could apply. Thus, plaintiff must allege either, under section two, that CEI and Carabetta committed a tort within the state; or under section three, that CEI and Carabetta committed a tort outside the state that caused a tortious injury within the state.

In regard to CEI, Plaintiff has failed to rebut CEI's arguments and affidavit showing that it has no connection to the project upon which the allegations arose, or that CEI has not committed any tort causing injury within the forum. Plaintiff attempts to extend Georgia's Long-Arm Statute to CEI by claiming that: (1) Carabetta visited Georgia on CEI's behalf; (2) Thomas Swain's assurances of payment to Plaintiff were made under the authority of CEI; (3) Carabetta's fraudulent manipulation of Plaintiff's payment application can be imputed upon CEI as Carabetta's principal; and (4) CEI conducted business in Georgia related to the Moody Family Housing project. (Pl's. Resp., doc. 85, at 4-6.)

CEI refuted each of Plaintiff's allegations in its reply brief by way of affidavits showing that: (1) Carabetta's visits to Georgia were made in his capacity as a managing member of Moody Family Housing, not on CEI's behalf; (2) Thomas Swain is neither an agent of CEI, nor has authority to speak on CEI's behalf; (3) any alleged fraud by Carabetta with regard to Plaintiff's payment application would have been done by Carabetta as an agent of AEDBS,

7

American Eagle, SRC, or Moody Family Housing, but not CEI; and (4) CEI has no connection to the Moody Family Housing project, and does not exercise control over any of the other named defendant entities; hold itself out as being responsible for the day-to-day operations of the other named defendant entities; and is entirely separate and distinct from the other defendant entities. (Defs.' Rep., doc. 89, at 2-4.)

Plaintiff has not come forth with any evidence to contradict these assertions. Moreover, there is no evidence in the record to indicate that any of the other named defendant entities' actions should be imputed to CEI for the purpose of finding personal jurisdiction. Plaintiff is unable to come forward with sufficient factual evidence to overcome Defendant CEI's challenges to jurisdiction. Plaintiff has failed to show that Georgia's Long-Arm Statute extends to CEI, and thus has failed to demonstrate that this Court has personal jurisdiction over CEI. Accordingly, Defendants' Motion to Dismiss is granted with respect to Defendant CEI.

With respect to Carabetta, Plaintiff contends that the Georgia Long-Arm Statute does in fact reach Carabetta based on Plaintiff's allegations that Carabetta, as an officer of SRC, committed fraud by manipulating the payment application that Plaintiff submitted to AEDBS for payment. It is unclear by Plaintiff's jurisdictional allegations whether Carabetta committed the tort within Georgia or outside of Georgia. This uncertainty ultimately proves to be fatal to Plaintiff's charge of jurisdiction. Plaintiff has the burden to provide ample factual evidence to establish a prima facie case, but Plaintiff's Response fails to do just that. In the face of Defendant Carabetta's challenges to this Court's exercise of personal jurisdiction over him, Plaintiff was unable to demonstrate through the presentation of facts that Carabetta either committed an alleged fraud inside the forum state–satisfying the second prong of the Long-Arm

8

Statute–or that Carabetta solicited business in the forum, engaged in a persistent course of conduct in the forum, or derived substantial revenue from the forum–in satisfaction of the third prong of the Long-Arm Statute. Instead, Plaintiff chose to rely on the allegations in its complaint and one sentence from Carabetta's affidavit where he admits that he visited Georgia on three occasions view the controversial project. This is not enough for the Court to exercise personal jurisdiction over Mr. Carabetta.[2]

## IV. CONCLUSION

Personal jurisdiction does not exist over CEI because Plaintiff has failed to rebut CEI's showing that it has no connection to the project in question, has no control or affiliation with the defendant entities, and that the alleged misrepresentations were made by an individual without authorization to speak on CEI's behalf. Further, personal jurisdiction does not exist over Carabetta where Plaintiff's allegation that Carabetta committed a fraud with respect to Plaintiff's payment application causing harm to Plaintiff in the forum was unclear as to where the alleged fraud was committed. As a result, Defendants Salvatore R. Carabetta's and CEI Investment Corporation's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

SO ORDERED, this 28th day of May, 2008.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb/sea

---

[2] Since it has been determined that Georgia's Long-Arm Statute does not extend to CEI and Carabetta, a due process analysis is unnecessary.